### CIMIOTTI UNHAIRING CO. v. DERBOHLAW.

(Circuit Court of Appeals, Second Circuit. April 9, 1902.)

#### No. 118.

PATENTS—INFRINGEMENT—UNHAIRING MACHINES.

The Sutton patent, No. 383,258, for a machine for removing the hairs from fur skins, claim 8, is not infringed by a machine which does not contain either of the last two elements of the combination of the claim, which are a rotary separating brush, constituting the essential and novel feature of the invention, and mechanism for moving the same, nor anything which can fairly be called an equivalent therefor, but employs, instead of a brush, a metallic comb, which does not revolve, but remains in a fixed position.

Appeal from the Circuit Court of the United States for the Eastern District of New York.

This is an appeal from an order granting a preliminary injunction restraining the appellant from infringing the eighth claim of letters patent No. 383,258, granted to John W. Sutton, May 22, 1888, for a machine for plucking furs.

Arthur v. Briesen, for appellant.

Louis C. Raegener, for appellees.

Before WALLACE, Circuit Judge, and COXE and HAZEL, District Judges.

COXE, District Judge. We are constrained to hold that the machine which is the real subject of this controversy and to which the testimony of the experts on both sides is confined, does not infringe the eighth claim of the Sutton patent. This conclusion is based principally upon the ground that the machine does not contain the last two elements of the combination. It has no rotary brush or anything that can be called an equivalent for such a brush, unless the doctrine of equivalents is stretched beyond all reasonable limits. In place of a rotary brush the appellant employs a stationary rake or comb, composed of two rows of teeth made of fine stiff wire one and one-fourth of an inch in length and arranged so close together that there is practically no space between them. In view of the explicit statements of the specification attributing to the action of the rotary brush the essential and novel features of the invention, and in view of the express limitation of the claim to such a brush, it seems clear that the defense of noninfringement must prevail.

The appellant does not use a brush of any kind, much less a rotary brush. He uses a fixed metallic comb which cannot revolve on its axis, for it has no axis on which to turn; in this sense, therefore, his comb is immovable. That the machine is able to unhair pelts is immaterial. The appellees cannot include such a machine in a claim for a combination two elements of which relate explicitly to a rotary separating brush.

The order is reversed.